UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ADRIANA MAZZULA and
ALBERTO MAZZULA,

      Plaintiffs,

v.                                          Case No: 2:19-cv-215-FtM-SPC-NPM

AMERICAN STRATEGIC
INSURANCE CORPORATION,

      Defendant.
_____/

# OPINION AND ORDER[1]

    Before the Court is Defendant American Strategic Insurance Corporation's ("ASI") Amended Motion for Summary Judgment (Doc. 44). Plaintiffs Adriana Mazzula and Alberto Mazzula filed no response in opposition. For the following reasons, the Court grants the Motion.

## PROCEDURAL BACKGROUND

    The Mazzulas insured their property in Marco Island, Florida through ASI. The Mazzulas submitted an insurance claim for September 2017 damage caused by Hurricane Irma. ASI made a partial payment and the Mazzulas

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

sued for breach of contract in Florida state court to collect the full amount claimed. ASI timely removed the suit to federal court pursuant to, *inter alia*, under 42 U.S.C. § 4072. *See Hairston v. Travelers Cas. & Sur. Co.*, 232 F.3d 1348, 1350 (11th Cir. 2000) (holding 42 U.S.C. § 4072 provides exclusive federal jurisdiction for flood insurance actions).

ASI moved for summary judgment. (Doc. 41). The Mazzulas were notified that any response to the summary judgment motion was due in 14 days. (Doc. 42). The Mazzulas filed no response. The Court denied ASI's motion without prejudice for failure to comply with local procedural rules, permitting ASI to re-move to cure the defect. (Doc. 43). The Court also reiterated that the Mazzulas "must respond within fourteen (14) days" and that failure to do so would mean the "Court will treat the amended motion as unopposed and decide it without further notice." (*Id.*) ASI filed its Amended Motion for Summary Judgment, (Doc. 44), and the Mazzulas again failed to respond.

## LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In determining whether genuine issues of material fact exist, we resolve all ambiguities and draw all justifiable inferences in favor of the non-moving party." *Rice-Lamar v. City of Ft. Lauderdale, Fla.*, 232 F.3d

836, 840 (11th Cir. 2000) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

When a summary judgment motion is unopposed, "the district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." *United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). The court "need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials." *Id.* Thus, the movant "continues to shoulder the initial burden of production in demonstrating the absence of any genuine issue of material fact, and the court must satisfy itself that the burden has been satisfactorily discharged." *Reese v. Herbert*, 527 F.3d 1253, 1268 (11th Cir. 2008).

## UNDISPUTED MATERIAL FACTS

ASI is a Write-Your-Own Program insurance carrier participating in the National Flood Insurance Program under the National Flood Insurance Act ("NFIA"). (Doc. 44-2 at 1-2). ASI issues Standard Flood Insurance Policies ("SFIP") under the NFIA. (*Id.* at 2; Doc. 44-5). ASI issued the Mazzulas SFIP No. FLD61849 for their Marco Island, Florida property, providing coverage of the building up to $250,000 and coverage of contents up to $33,100. (Doc. 44-

2 at 2; Doc. 44-4). Both coverages are subject to a $1,250 deductible. (Doc. 44-2 at 2; Doc. 44-4).

The Mazzulas reported a loss to ASI on November 27, 2017, for damage incurred from Hurricane Irma. (Doc. 44-2 at 3; Doc. 44-6). ASI retained an independent adjustor who prepared a narrative report and estimate for the asserted flood damages. (Doc. 44-2 at 3). The adjustor found the Mazzulas' property was inundated with 18 inches of water in a crawlspace and 12 to 13 inches of water in an attached garage, and that no water entered the interior of the dwelling except for this crawlspace and garage. (Doc. 44-2 at 4; Doc. 44-7). The adjustor noted cracking and movement of the garage's concrete floor, block walls of the garage, and in the living area foundation, so the adjustor requested an engineer inspect the dwelling. (Doc. 44-2 at 4; Doc. 44-7; Doc. 44-8). An engineer determined the cracks were caused by earth movement from soil settlement. (Doc. 44-2 at 4; Doc. 44-9).

On March 15, 2018, ASI issued a partial payment and denied the Mazzulas' claim for cracks in the garage walls and floor based on the engineering report as not covered by the SFIP. (Doc. 44-2 at 4; Doc. 44-10). The Mazzulas, through counsel, requested that ASI reopen the claim and submitted an estimate of damages totaling $191,757.73. (Doc. 44-2 at 4; Doc. 44-12; Doc. 44-13). On May 22, 2018, ASI denied the Mazzulas' claim for flood damages to the main level of their dwelling based on the adjustor's report that

4

water did not enter the dwelling. (Doc. 44-2 at 4; Doc. 44-14). Following a re-inspection of the property and review of the reports, ASI denied the claim for additional flood benefits on June 29, 2018. (Doc. 44-2 at 4; Doc. 44-15). The Mazzulas sued in state court on March 11, 2019.

## DISCUSSION

Under the SFIP, an insured may not sue under the policy unless they "have complied with all the requirements of the policy." 44 C.F.R. Pt. 61, App. A(1), Art. VII(R); (Doc. 44-5 at 22); *Sanz v. U.S. Sec. Ins. Co.*, 328 F.3d 1314, 1318 (11th Cir. 2003) (holding an "insured must adhere strictly to the requirements of the standard federal flood insurance policy before any monetary claim can be awarded"). No provision of the SFIP may be altered, varied, or waived except by the Federal Insurance Administrator. 44 C.F.R. § 61.13(d). ASI contends non-compliance with the SFIP bars the Mazzulas' lawsuit.

### A. Proof of Loss

The SFIP requires "prompt written notice" and "proof of loss" within 60 days of the loss. 44 C.F.R. Pt. 61, App. A(1), Art. VII(J); (Doc. 44-5 at 20).[2]

---

[2] The proof of loss must include: (a) the date and time of loss; (b) a brief explanation of how the loss happened; (c) interest in the damaged property; (d) details of any other insurance that may cover the loss; (e) changes in title or occupancy of the property during the policy term; (f) specifications of damaged building and detailed repair estimates; (g) names of mortgagees, lienholders, or other claimants to the property; (h) details of occupants to the property; and (i) an inventory of the damaged property. 44 C.F.R. Pt. 61, App. A(1), Art. VII(J); (Doc. 44-5 at 20).

"[F]ailure to file a proof of loss within 60 days without obtaining a written waiver of the requirement eliminates the possibility of recovery." *Sanz*, 328 F.3d at 1319. The Federal Emergency Management Agency issued Bulletin W-17040, allowing WYO Companies to make payments without proof-of-loss requirements. (Doc. 44-16 at 1). But if an insured sought supplemental payment, the proof-of-loss requirement remained. (*Id.*). The 60-day deadline was extended to 365 days for damage resulting from Hurricane Irma to "allow enough time for policyholders to evaluate their losses and the adjusters' reports." (*Id.* at 2). Thus, if the Mazzulas failed to submit a proof of loss within the 365 days allotted by Bulletin W-17040, their lawsuit is barred.

The Mazzulas, through counsel, submitted two requests to ASI. First, on March 12, 2018, the Mazzulas' counsel made "a form request to reopen a claim on behalf of [the Mazzulas] to address the outstanding issues of coverage." (Doc. 44-12 at 1). This letter contained no information that could be construed as complying with the proof-of-loss requirements. The second request was sent on May 8, 2018. (Doc. 44-13). The letter includes a date of loss (September 10, 2017), explanation of loss (flood), and detailed repair estimates. But the letter includes a caveat that "[t]here may be additional damages you are responsible to pay, such as personal property, loss of use, mold remediation and temporary repairs." (*Id.* at 1).

Neither request to ASI, either alone or in combination, satisfies the strict proof-of-loss requirements. Neither was signed by the Mazzulas. Neither included a sum certain amount claimed under the SFIP. Neither included an inventory of the damaged personal property, despite the second letter claiming that a personal property claim may be at issue. And neither included information or statements as to any possible mortgages, liens, or claims to the property or any other insurance policy that may apply to the loss. Further, the Mazzulas both testified that they have not submitted a signed proof of loss to their insurance company. (Doc. 44-20 at 4; Doc. 44-21 at 2-3). These failures to comply with the SFIP proof-of-loss requirement prevents the Mazzulas' lawsuit and ASI is entitled to summary judgment.

## B. Statute of Limitations

Suits involving the SFIP must be commenced "within 1 year after the date of the written denial of all or part of the claim, and you must file in the suit in the United States District Court of the district in which the covered property was located at the time of the loss." 44 C.F.R. Pt. 61, App. A(1), Art. VII(R); (Doc. 44-5 at 22); 42 U.S.C. § 4072; 44 C.F.R. § 62.22.

The Mazzulas' claim was denied, in part, on March 15, 2018. Thus, they had until March 15, 2019 to file a federal lawsuit contesting their SFIP coverage. The Mazzulas filed their lawsuit on March 11, 2019, within the one-year statute of limitations, but they failed to file it in federal court. The state

7

court lawsuit did not toll the one-year statute of limitations. *Hairston*, 232 F.3d at 1353 ("Because § 4072 also does not permit concurrent jurisdiction, we hold that filing in a court without competent jurisdiction did not toll the statute of limitations."). And this case was later removed on April 8, 2019, after the limitations period ran. Thus, the Mazzulas' lawsuit must be dismissed as untimely and for failure to comply with the SFIP.

## CONCLUSION

Every person insured under the SFIP must strictly adhere to those requirements to sue. *Sanz*, 328 F.3d at 1318. The Mazzulas failed to comply with the requirements of the SFIP and failed to contest ASI's motion for summary judgment. After review of the merits of ASI's motion and consideration of the evidentiary materials submitted in support, the Court concludes that ASI is entitled to summary judgment as a matter of law.

Accordingly, it is now

**ORDERED:**

1. Defendant American Strategic Insurance Corporation's Amended Motion for Summary Judgment (Doc. 44) is **GRANTED**. The Complaint (Doc. 3) is **DISMISSED with prejudice.**

2. Defendant American Strategic Insurance Corporation's Motion to Quash Jury Demand (Doc. 40) is **DENIED as moot**.

3. The Clerk is **DIRECTED** to enter judgment, terminate all pending motions or deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on January 26, 2021.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record